Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11   12/17

**Beehive Truck and Auto, LLC**'s Plan of Reorganization, Dated  **May 10, 2019**

### Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of **Beehive Truck and Auto, LLC** (the *Debtor*) from cash from operations.

This Plan provides for:
- **0** class of priority claims;
- **3** classes of secured claims;
- **1** class of non-priority unsecured claims; and
- **1** class of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 100 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. you should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### Article 2: Classification of Claims and Interests

2.01  **Class 1** .................................  The claim of the EBF Partners, LLC, to the extent allowed as a secured claim under § 506 of the Code.

2.02  **Class 2** .................................  The claim of Ally Capital, to the extent allowed as a secured claim under § 506 of the Code.

2.03  **Class 3** .................................  The claim of the City of Phoenix Treasurer, to the extent allowed as a secured claim under § 506 of the Code.

2.04  **Class 4** .................................  All non-priority unsecured claims allowed under § 502 of the Code.

2.05  **Class 5** .................................  Equity interests of the Debtor.

### Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

3.01  **Unclassified claims**    Under section § 1123(a)(1), administrative expense claims and priority tax claims are not in classes.

| Debtor | Beehive Truck and Auto, LLC | Case number (*if known*) 2:18-bk-11882-DPC |
|---|---|---|
| | Name | |

| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. If the Debtor does not have sufficient funds on hand on the effective date to pay these claims in full, each holder of an administrative expense claim will be paid a pro rata share of monthly payments of $465, payable each month except December and January, beginning on the first day of the first month after the effective date and continuing until the allowed amount of each claim has been paid in full. Upon the satisfaction of each secured claim, the amount previously paid to the secured claimant shall be added to this monthly payment. |
| | | Debtor's counsel is expected to be the only holder of an administrative expense claim, and consents to this treatment. If other administrative expense claims are allowed, they will be paid in full on the effective date or on terms agreed to by the holders of the claims. |
| 3.03 | **Priority tax claims** | Each holder of a priority tax claim will be paid an amount equal to the allowed amount of such claim, with interest from the effective rate of this Plan at the statutory rate for tax, in regular cash installment payments beginning on the first day of the first month after the effective date and amortized through September 1, 2023. Debtor has no known priority tax claims. |
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.05 | **Prospective quarterly fees** | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code |

### Article 4: Treatment of Claims and Interests Under the Plan

4.01 **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – Secured claim of EBF Partners | ☒ Impaired ☐ Unimpaired | Class 1 is impaired by this Plan. The claim of EBF Partners, LLC, filed as Proof of Claim 2, will be allowed as a Class 1 secured claim in the amount of $7,500.00, and as a Class 4 unsecured claim in the amount of $20,000.00. Debtor agrees to waive potential preference claims against EBF Partners, LLC. The holder of the claim will receive, on account of the Class 1 Secured Claim, the amount of $7,500.00, without interest, in 36 regular cash installment payments in the amount of $208.33 beginning on the first day of the first month after the effective date. (The Class 4 unsecured claim in the amount of $20,000.00 will be paid as indicated under Class 4 below.) |
| Class 2 – **Secured claim of Ally Capital** | ☒ Impaired ☐ Unimpaired | Class 2 is impaired by this Plan. The claim of Ally Capital, filed as Proof of Claim 1, will be allowed as a Class 2 secured claim in the amount of $50,774.04, with interest continuing to accrue from March 25, 2019 through the effective date of this Plan at 5.34% per annum, less adequate protection payments made (the "Allowed Ally Claim"). The holder of the claim will receive, on account of the Class 2 Secured Claim, the amount of the Allowed Ally Claim, with interest at the annual rate of 6.00% from the effective date of the Plan, in regular cash installment payments in an amount determined by amortizing the Allowed Ally Claim as of the effective date of this Plan on a payment schedule beginning on the first day of the first month after the effective date and continuing through the 84th month after the first payment. Until the allowed secured claim is paid in full, the holder of this claim shall retain its liens. |
| Class 3 – **Secured claim of City of Phoenix Treasurer** | ☒ Impaired ☐ Unimpaired | Class 3 is impaired by this Plan, and the holder of the Class 3 Priority Claim will be paid an amount equal to the allowed amount of such claim, with interest from the effective rate of this Plan at the annual rate of 0.05%, in regular cash installment payments beginning on the first day of the first month after the effective date and amortized through September 1, 2023. Until the allowed secured claim is paid |

| Debtor | **Beehive Truck and Auto, LLC** | Case number (*if known*) | 2:18-bk-11882-DPC |
|---|---|---|---|
| | Name | | |

in full, the holder of this claim shall retain its liens.

| | | | |
|---|---|---|---|
| | **Class 4 – Non-priority unsecured creditors** | ☒ Impaired<br>☐ Unimpaired | Class 4 is impaired by this Plan, and each holder of a Class 4 Claim will be paid a pro rata share of monthly payments of $465, payable each month except December and January, beginning upon satisfaction of all administrative expense claims under § 3.02 and continuing until the allowed amount of each claim has been paid in full. Upon the satisfaction of each secured claim, the amount previously paid to the secured claimant shall be added to this monthly payment. |
| | Class 5 - **Equity security holders of the Debtor** | ☒ Impaired<br>☐ Unimpaired | Class 5 is impaired by the Plan, and each holder of a Class 5 Interest will retain their equity interests in the Debtor, but until all other allowed claims are satisfied under the terms of this Plan, such holders may receive on account of such interest, only those distribution estimated by Debtor's accounting professionals as necessary to satisfy post-petition tax obligations incurred on account of such interest. |

### Article 5: Allowance and Disallowance of Claims

**5.01 Disputed Claim:** A disputed claim is a claim that has not been allowed or disallowed by a final nonappealable order, and as to which either:

(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

**5.02 Delay of distribution on a disputed claim:** No distribution will be made on account of a disputed claim unless such claim is allowed by a final nonappealable order.

**5.03 Settlement of disputed claims:** The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

### Article 6: Provisions for Executory Contracts and Unexpired Leases

**6.01 Assumed executory contracts and unexpired leases**

(a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date:

Debtor's agreement with Biz IQ for web site maintenance and online marketing.

Debtor's agreement with Google for online marketing.

Debtor's agreement with G&A Outsourcing, Inc., dba G&A Partners for leased employees and related payroll services.

Debtor's agreement with Kent I. McClure for lease of a home office space and a barn, *except* that the Debtor's payments shall be limited to $172.00 /mo until all other allowed claims are satisfied under the terms of this Plan.

(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.

### Article 7: Means for Implementation of the Plan

7.01 All estate property shall vest in the Debtor on the effective date of the Plan, free and clear of any other claim or interest.

7.02 Upon confirmation of the Plan, Debtor may transfer its assets to a new entity to be formed and named "Beehive Ceilings, Inc." or "Beehive Ceilings, LLC," which shall assume all of the Debtor's obligations under this Plan. Alternatively, Debtor may change its name to "Beehive Ceilings, LLC." With her consent, and to the extent prior amendments have not effected the change, Dorothy K. McClure may be removed as member of the Debtor or as equity interest holder of the new entity.

| | | |
|---|---|---|
| 7.03 | | The liens against property of Debtor's estate shall be satisfied or modified on the terms stated herein. |
| 7.04 | | Any default of the Debtor shall be deemed cured or waived by the confirmation of this Plan, and the obligations under this Plan shall be substituted for any pre-confirmation obligations. |

### Article 8: General Provision

| | | |
|---|---|---|
| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: |
| 8.02 | **Effective Date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding Effect:** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| 8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Arizona govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. |
| 8.07 | **Corporate Governance** | The Debtor shall amend its articles of organization to prohibit the issuance of nonvoting equity securities. |
| 8.08 | **Retention of Jurisdiction** | The Bankruptcy Court will retain jurisdiction over this case for purposes of determining the allowance of claims or objections to claims and of fixing allowances for compensation and/or for purposes of determining the allowability of any other claimed administrative expenses. The Court will also retain jurisdiction for the purpose of establishing bar dates and making a determination with respect to all disputed claims. Finally, the Court shall retain jurisdiction for purposes of determining any dispute arising from the interpretation, implementation or consummation of the Plan and to implement and enforce the provisions of the Plan. Notwithstanding anything to the contrary contained herein, the Debtor shall not be bound by estoppels or the principles of res judicata or collateral estoppel with respect to any term or provision contained herein in the event the Plan is not confirmed. |

### Article 9: Discharge

| | |
|---|---|
| 9.01 | **Discharge if the Debtor is a corporation and § 1141(d)(3) is not applicable.** On the effective date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: |
| | (i) imposed by this Plan; or |
| | (ii) to the extent provided in § 1141(d)(6). |

### Article 10: Other Provisions

| | |
|---|---|
| 10.01 | **Prepayment**. All sums due under this Plan may be prepaid without penalty at any time. |

| Debtor | **Beehive Truck and Auto, LLC** | Case number (*if known*) **2:18-bk-11882-DPC** |
|---|---|---|
| | Name | |

10.02 | **Distributions**. Distributions to holders of allowed claims shall be made by the Debtor: (i) at the addresses set forth on the proofs of Claims filed with the Bankruptcy Court in the Chapter 11 Case by such holders, or in any change of address filed with the Bankruptcy Court herein or (ii) at the addresses reflected in the Debtor's bankruptcy schedules if no proof of claim or change of address has been filed. Holders of allowed claims shall have ninety (90) days from the check date to negotiate any distribution checks. If said checks are not timely negotiated, any payment on such checks shall be stopped, and the corresponding funds shall escheat to the Debtor. In the event that a payment from a distribution has escheated hereunder, then no further payments shall be made to such claimant, and such claimant's claim shall thereafter be treated as though such claim has been disallowed.

Respectfully submitted,

**Beehive Truck and Auto, LLC**

X **/s/ Kent I. McClure**

By: **Kent I. McClure**

X **/s/ Kelly G. Black**

**Kelly G. Black**